■ ALFREDO ORDONEZ, Appellant, v BRONX-LEBANON HOSPITAL CENTER, INC., Respondent. [734 NYS2d 435] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered March 4, 1999, which, in an action for medical malpractice against defendant hospital, denied plaintiff's motion for a default judgment, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a traverse hearing and, thereafter, determination of the motion.

The address given in the affidavit of service of process is the same as the address given in the affidavit of service of the motion for a default judgment, yet defendant offers no explanation as to how it received plaintiff's motion for a default judgment. Accordingly, the sworn statement of defendant's director of risk management and insurance services, submitted in opposition to plaintiff's motion, that the premises designated in plaintiff's process server's affidavit of service are not part of

defendant hospital, and that plaintiff's motion for a default judgment was defendant's first notice of the action, is not determinative of whether defendant was served with process. The director's additional statement that the recipient of process identified in the affidavit of service is not known to her and is not authorized to receive service of process on defendant's behalf raises an issue of credibility that should also be explored at the traverse hearing. Concur—Tom, J. P., Andrias, Lerner, Saxe and Buckley, JJ.